IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS R. MCALISTER, *et al.*, | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. H-05-3228 |
| | § | |
| BRAD LIVINGSTON, *et al.* | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

On September 15, 2005, Plaintiffs Thomas R. McAlister, Henry M. D. Williams, Harold Bennett, James Morris, and Christopher Pollan, inmates in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiffs practiced the religion known as Wicca, and they asserted they were entitled to and must be afforded the same constitutional protections as more conventional religions. They contended that TDCJ religious policies and procedures made it nearly impossible to practice the Wicca religion at the Jester III Unit and violated the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The plaintiffs sought declaratory and injunctive relief..

The defendants filed a motion for judgment on the pleadings as to Christopher Pollan because he was no longer incarcerated. (Docket Entry No. 17). On March 26, 2008, this court granted the motion and dismissed Christopher Pollan from this action. (Docket Entry No. 61). On March 31, 2008, this court granted the defendants' motion for judgment on the pleadings and dismissed Harold Bennett and James Morris because they had failed to exhaust administrative remedies. (Docket

Entry No. 63). On March 31, 2008, this court granted defendants' motion for summary judgment and dismissed this case with prejudice. (Docket Entry No. 64).

On May 8, 2008, Thomas R. McAlister, Henry M. D. Williams, Harold Bennett, and James Morris filed a notice of appeal. (Docket Entry No. 71). On July 31, 2008, the Fifth Circuit dismissed the appeal as to Appellants Harold Bennett, James Morris, and Henry Williams for want of prosecution because these appellants failed to timely pay the docketing fee. The Fifth Circuit noted that the appeal remained open as to Appellant Thomas R. McAlister only. (Docket Entry No. 78).

In a Per Curiam opinion dated October 6, 2009, the Fifth Circuit vacated the judgment of this court and remanded for further proceedings consistent with its opinion. (Docket Entry No. 81). The judgment was issued as mandate on October 28, 2009. The Fifth Circuit remanded this case on the following issues. As to the First Amendment claim, the Fifth Circuit asked this court to determine whether TDCJ's volunteer policy was neutral in application, in light of McAlister's accusation that Jewish offenders were allowed to meet without a volunteer. If this court found on remand that McAlister had successfully met his burden of showing both that the possession or use of specified religious items was a sincerely held religious practice or belief, the Fifth Circuit asked this court to consider (1) whether TDCJ's reasons for denying McAlister's access to the items were legitimate penological interests rationally related to the restriction on McAlister's religious exercise; (2) whether McAlister had adequate alternative means of exercising his religion; (3) the impact that accommodation might have on TDCJ resources; and (4) if any alternative methods of accommodation were possible.

As to McAlister's claim based on RLUIPA, the Fifth Circuit asked this court to determine

whether McAlister had successfully met his burden of showing both that he sincerely believed the items were important to the practice of Wicca and that TDCJ policies imposed a substantial burden on his religious exercise. This court was also asked to determine (1) whether TDCJ had a compelling interest in prohibiting possession of each item; and (2) whether the TDCJ policy was narrowly tailored to its interests.

"The mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else." *United States v. Castillo,* 179 F.3d 321, 329 (5th Cir. 1999) (citing *United States v. Becerra,* 155 F.3d 740, 753 (5th Cir. 1998)). On remand, the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Becerra,* 155 F.3d at 753). "In implementing the mandate, the district court must 'take into account the appellate court's opinion and the circumstances it embraces.'" *United States v. Lee,* 358 F.3d 315, 321 (5th Cir. 2004) (quoting *Sobley v. Southern Natural Gas Co.,* 302 F.3d 325, 333 (5th Cir. 2002)). Because the mandate rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Castillo,* 179 F.3d at 329 (citation omitted).

In the case at bar, the Fifth Circuit's remand order only addressed the claims of Thomas R. McAlister. (Docket Entry No. 81). On January 12, 2010, the Defendants advised the court that McAlister had discharged his sentence and had been released from custody. (Docket Entry No. 84). This court must consider whether McAlister's claims have been rendered moot by virtue of his release.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd,* 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines,* 521 U.S. at 819. To meet the standing requirement, a plaintiff must show: (1) an injury in fact; (2) a fairly traceable causal link between the injury and a defendant's conduct; and (3) the likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). When a plaintiff seeks injunctive relief, he must also show that he has sustained or is immediately in danger of sustaining some direct injury as result of the challenged conduct. *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing each element of standing. *Lujan,* 504 U.S. at 561.

A case or claim becomes moot if (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997).

McAlister seeks declaratory and injunctive relief. The Defendants have advised the court that

McAlister discharged his sentence on September 30, 2009. McAlister is no longer confined at the Jester III Unit where his civil rights claims arose. McAlister's case has become moot because there is no reasonable expectation that the alleged violation will recur. The court further notes that interim events, McAlister's release from custody, have completely and irrevocably eradicated the effects of the alleged violation. Because there remains no live controversy regarding McAlister's right to exercise his religion and because those prior conditions cannot reasonably be expected to recur, McAlister's claims for prospective injunctive relief are dismissed as moot. Because McAlister is the only remaining plaintiff and because his claims have been rendered moot, this civil action is DISMISSED for lack of jurisdiction.

On January 13, 2010, Henry Williams filed a letter requesting permission to file additional motions. (Docket Entry No. 85). As noted above, the mandate rule requires a district court on remand to effect the appellate court's mandate and to do nothing else. The Fifth Circuit remanded this case to address McAlister's claims. The mandate rule precludes this court from considering any future motions filed by Williams.

The Defendants filed a motion to file a supplemental brief to address the various questions posed by the Fifth Circuit. The Defendants' Motion to Supplement, (Docket Entry No. 83), is DENIED as moot.

SIGNED at Houston, Texas, on Jan 21, 2010.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE